UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2015 DEC -2 PM 4:45

SIGN _LLH_
BY DEPUTY CLERK

Candice Craig
**name of plaintiff(s)**

CIVIL ACTION

versus

NO. _____ )

(1) Anne Bohner; (2) Louisiana Mental Health Advocacy Services
**name of defendant(s)**

## COMPLAINT

1. State the grounds for filing this case in Federal Court (include federal statutes and/or U. S. Constitutional provisions, if you know them):

   Civil Rights Violations

2. Plaintiff, Candice Craig resides at
   287 W 74th St, Suite 8-3, New York,
   **street address**                       **city**
   New York, NY, 10023, 225-615-9263
   **parish**   **state**  **zip code**  **telephone number**

   (if more than one plaintiff, provide the same information for each plaintiff below)

3. Defendant, LA Mental Health Advocacy Services lives at, or
   its business is located at 150 Third St,  (Business Address)
                              **street address**       627 North St
   Baton Rouge, , East Baton Rouge, LA,         Suite 1-322
   **city**              **parish**      **state**   Baton Rouge, LA
   70801, 225-342-4356                                70802
   **zip code**  **telephone number**

(if more than one defendant, provide the same information for each defendant below)

> Anne Bulmer (Business Addresses)
> 697 North St
> Suite 1-322
> Baton Rouge, LA 70802

> Anne Bulmer (Business Address)
> 150 Third St
> Baton Rouge, LA 70801

4. Statement of claim ( State as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Be as specific as possible. You may use additional paper if necessary):

> See Attached

5. Prayers for Relief (list what you want the Court to do):

   a. See Attached

   b.

   c.

   d.

I (we) hereby certify under penalty of perjury that the above petition is true to the best of my (our) information, knowledge, and belief.

Signed this __2nd__ day of __December__, 20__15__

*Candice Craig 12/2/15*

(signature of plaintiff (s))

Middle District Federal Court/ Baton Rouge, LA

Federal Civil Lawsuit Filed by Plaintiff Candice Craig on December 2, 2015

VS. DEFENDENTS (LISTED BELOW)

(1) Anne Bolner (Business Address)
    627 North 4th St (Iberville Bldg)
    Suite 1-322
    Baton Rouge, LA 70802

(2) Anne Bolner (Business Address)
    150 3rd Street
    Baton Rouge, LA 70801

(3) Louisiana Mental Health Advocacy Services (MHAS)
    ATTN: Kevin Robshaw
    627 North 4th St (Iberville Bldg)
    Suite 1-322
    Baton Rouge, LA 70802

(4) Louisiana Mental Health Advocacy Services (MHAS)
    ATTN: Kevin Robshaw
    150 3rd Street
    Baton Rouge, LA 70801

*[Handwritten annotations in margin: "Candice Craig (1) Anne Bolner (2) Advocacy Services", "Federal Civil Suit filed 12/2/15", "Middle District Federal Court, Baton Rouge, LA", "Facts/Claim", "X CC", "12/2/15 Candice Craig"]*

1. That Anne Bolner, was an employee of the Louisiana Mental Health Advocacy Service (MHAS) from November 12, 2014 to February 28, 2015.

2. That the Louisiana Mental Health Advocacy Service (MHAS) has a formally established office in Baton Rouge, Louisiana.

3. That the Louisiana Mental Health Advocacy Services is charged with ensuring its agency has the proper due process safeguards in place that ensure its Attorneys are providing competent representation and upholding all standards and rights directly and inherently expressed in both the U.S. and Louisiana constitutions. That said standards are the foundation of those outlined in Louisiana's Rules of Professional Conduct which govern Attorneys authorized to practice in the state of Louisiana.

4. That the Ms. Bolner and MHAS are hereafter referred to as a collective (ABMHAS).

5. That the Louisiana Mental Health Advocacy Service (MHAS) is an executive agency under the Office of the Governor of the State of Louisiana.

6. That ABMHAS operates under the tenet that no patient in a treatment facility shall be deprived of any rights, benefits, and privileges guaranteed by the law.

7. That the Mental Health Advocacy Service provides legal representation in virtually every civil commitment proceeding in Louisiana.

8. That ABMHAS provides legal representation during the initial stages of confinement of mentally ill persons, as well as after commitment has occurred, in order to comply with a federal court order and state law.

9. That ABMHAS openly acknowledges that involuntary hospitalization amounts to a deprivation of liberty, which requires compliance with due process safeguards.

10. That C.C. was involuntarily hospitalized on November 12, 2014 at 6:30pm at the Our Lady of the Lake Regional Medical Center (OLOL) located in Baton Rouge, Louisiana.

11. That from November 14, 2014 to February 19, 2015, Ms. Bolner/ABMHAS failed to provide the competent representation required by Louisiana's Rules of Professional Conduct.

12. That Rule 1.1(a). "Competence" of Louisiana's Rules of Professional Conduct states "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

13. That Rule 1.2 of Louisiana's Rules of Professional Conduct provides that "…a lawyer shall abide by a client's decisions concerning the objectives of representation, and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."

14. That Rule 1.3 "Diligence" of Louisiana's Rules of Professional Conduct states "A lawyer shall act with reasonable diligence and promptness in representing a client."

15. That from November 14, 2014 to February 19 2015, Ms. Bolner/ABMHAS failed to provide the diligent representation required by Louisiana's Rules of Professional Conduct.

16. That C.C. contacted MHAS using a general, published number on November 14, 2014.

17. That Ms. Bolner/ABMHAS presented herself as the attorney employed by LA's MHAS responsible for OLOL patients on November 14, 2014 in response to C.C.'s aforementioned call.

18. That during both initial and subsequent discussions with Ms. Bolner,/ABMHAS, C.C. inquired about the legality of her involuntary detainment at OLOL.

19. That at no point did Ms. Bolner/ABMHAS inform C.C. that as of November 15, 2014 at 6:31pm C.C. was legally entitled to discharge.

20. C.C. was unlawfully detained against her will (falsely imprisoned) from November 15, 2014 to December 5, 2014 as a result of Ms. Bolner's/ABMHAS' negligence and failure to provide "competent" representation. That said actions (and lack thereof) violated

21 continued. C.C.'s federal and state constitutional rights, resulted in other constitutional violations and lost wages, and damaged C.C. by ultimately subjecting C.C. to collateral consequences and social stigma—all of which have unduly burdened C.C. and caused her irrecoverable harm.

22. That all judgments and orders issued subsequent to November 15, 2014 regarding C.C. were unconstitutional and void on their face. That said judgments and orders, which resulted from C.C.'s illegal confinement due to Ms. Bolner's/ABMHAS' negligence and failure to provide competent representation, have damaged C.C. irrecoverably and are the epitome of justice miscarried.

23. That C.C. relied in good faith on the counsel provided by Ms. Bolner/ABMHAS.

24. That Ms. Bolner/ABMHAS was well aware that, while unlawfully detained against her will at OLOL, C.C. collected the collateral information she had been informed was needed in order to obtain her [C.C.'s] discharge. That Ms. Bolner/ABMHAS was aware of both the content and said nature of C.C.'s collected materials.

25. That Ms. Bolner's/ABMHAS' failure to know and/or properly apply law (failure to provide effective counsel) and inadherence to LA's Rules of Professional Conduct in matters involving her representation of C.C. from November 14, 2014 to February 19, 2015 were deficient, prejudiced C.C.'s civil proceeding, resulted in C.C. being unlawfully detained against her will (falsely imprisoned) for 22 days at OLOL, and violated C.C. guaranteed right to effective counsel under the Fifth, Sixth and Fourteenth Amendments to the United States (U.S.) Constitution and Article I, Sections 2 and 13 of the Louisiana Constitution. That said actions (or lack thereof) by Ms. Bolner's/ABMHAS' also resulted in a host of federal and state constitutional violations.

26. That the "incompetent," negligent, and deficient actions of ABMHAS and the "incompetent," negligent, and deficient individual actions of Ms. Bolner all either directly violated C.C.'s federal and state protected constitutional rights or resulted in said violations occurring. That said inexcusable actions are also a violation of the Louisiana Rules of Professional Conduct. That these egregious actions have unquestionably damaged C.C and caused C.C. irrecoverable harm.

Middle District Federal Court/ Baton Rouge, LA

Federal Civil Suit (Plaintiff Candice Craig v. Anne Bolner and Louisiana Mental Health Advocacy Services (MHAS)) Filed December 2, 2015

~~DAMAGES~~ *Prayers for Relief* X _[signature]_ 12/2/15

Federal investigation into the practices and formal procedures that govern MHAS attorney's intake and processing of new clients who are involuntarily hospitalized so that adequate due process safeguards are established and implemented

Federal review of all current and prior involuntarily hospitalized and committed patients (client) files for Anne Bolner during tenure with MHAS, with expedited file processing for those currently committed or involuntarily hospitalized.

Compensatory damages awarded from ABMHAS (as described by the plaintiff complaint to be Anne Bolner and the Louisiana Mental Health Advocacy Services) that, at minimum equal, $175,000,000