UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CANDICE CRAIG | CIVIL ACTION NO. |
| VERSUS | |
| | 15-815-SDD-EWD |
| ANNE BOLNER, ET AL. | |

**RULING**

On December 2, 2015, Plaintiff filed her *Pro Se Complaint*, alleging that the Defendants violated her civil rights arising out of her involuntary hospitalization at Our Lady of the Lake Regional Medication Center in November and December of 2014. Plaintiff now requests that the Court exercise its discretion and seal her lawsuit and all court proceedings for "compelling privacy concerns."[1] Plaintiff is concerned about the disclosure of certain information to the public, including her health information, her name, her prior place of detention, and details regarding her detention.

"Courts have recognized that the public has a common law right to inspect and copy judicial records."[2] "Public access serves important interests, such as 'to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system."[3] Therefore, "requests to seal

---

[1] Rec. Doc. 5, p. 1.
[2] *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)(citing *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981))(hereinafter *Van Waeyenberghe*).
[3] *Bahwell v. Stanley-Bostitch, Inc.,* 2002 WL 1298777, *1 (E.D.La. June 10, 2002).

1

the court's record are *not* lightly granted or considered."[4]  Rather, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily."[5]  "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."[6]  "Although countervailing interests may outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption."[7]

The Court finds that the Plaintiff has failed to satisfy her burden of showing that the interest in secrecy outweighs the presumption of public access.  Plaintiff has simply offered conclusory statements without any relevant justification as to why the public should be barred from accessing the record in this case.[8]  While it is most certainly true that the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") generally provides for the confidentiality of medical records, no such medical records have been filed into the record.[9]  The allegations in the Plaintiff's *Complaints* referencing medical facilities, dates and nature of "detention," and the identities of practitioners, does not amount to protected health care information that would trigger the need for secrecy and justify sealing this lawsuit in its entirety.  Therefore, the Plaintiff's *Motion to Seal Her Lawsuit*[10] shall be denied.

---

[4] *Cruz v. City of Hammond*, 2015 WL 1525758, *1 (E.D.La. April 2, 2015)(emphasis original).
[5] *Van Waeyenberghe*, 990 F.2d at 848.
[6] *Id.*
[7] *Ryon v. Burkhalter*, 2010 WL 2667362, *1 (M.D.La. June 25, 2010)(quoting *Jaufre v. Taylor*, 351 F.Supp.2d 514 (E.D.La. 2005)(citing *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3rd Cir. 1993)).
[8] Plaintiff cites a legislative "finding" from the State of Washington regarding access to medical care, which is non-binding on this Court.  Revised Code of Washington, Title 70, Chapter 70.02.005.
[9] Pub.L.No. 104-191, 110 Stat. 1936 (1996); 45 C.F.R. Subt. A, Subch. C, Pt. 164, Subpt. E, Refs & Annos.
[10] Rec. Doc. 5.

The Court further finds that Plaintiff's *Motion* requesting that all Court proceedings (e.g., hearings) be closed to the public is premature considering there have been no hearings scheduled to date in this matter.  Therefore, Plaintiff's *Motion*[11] shall be denied without prejudice, and she may re-urge her request should a hearing be scheduled before the Court in the future.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 20, 2016</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[11] Rec. Doc. 5.

3