UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CANDICE CRAIG                                             CIVIL ACTION

VERSUS

ANNE BOLNER, ET AL.                                  NO. 15-815-SDD-RLB

**ORDER**

Before the Court is Plaintiff's Emergency Motion to Extend Time Limit for Service of Summons and Complaint (and Associated Status Report and Scheduling Conference) (R. Doc. 18); Plaintiff's Motion to Update Defendant Listing (and Complaint) (R. Doc. 19); and Plaintiff's Emergency Motion to Add Defendants to Civil Action (R. Doc. 20); Plaintiff's Emergency Motion to Amend 12/2/15 Petition (Complaint) and Include Said Document in Process of Service Issuance (R. Doc. 21); and Plaintiff's Emergency Motion to Appoint Counsel and Extend Time Limit for Service of Summons and Complaint (And Associated Status Report and Scheduling Conference) (R. Doc. 22); and Plaintiff's Listing Update (Motion/Notice to Court for Formal Acknowledgement of Defendant Update) (R. Doc. 23).

**I.     Background**

On December 2, 2015, Plaintiff filed her Complaint (R. Doc. 1) and Motion to Proceed In Forma Pauperis (R. Doc. 2).  Plaintiff alleges that she was involuntarily hospitalized at Our Lady of the Lake Regional Medical Center in Baton Rouge, Louisiana from November 15, 2014 to December 5, 2014.  Plaintiff alleges that defendants Anne Bolner and the Louisiana Mental Health Advocacy Service ("MHAS") failed to provide her with competent legal representation with regard to her involuntary hospitalization.  Plaintiff seeks compensatory damages totaling at

least $175,000,000, as well as declaratory relief regarding the practice and procedures of the MHAS.

On December 10, 2015, Plaintiff filed into the record an Amended Complaint and requested service of process. (R. Doc. 6).  The next day, Plaintiff moved to strike the Amended Complaint and withdraw her request for service. (R. Docs. 8, 9).

On December 30, 2015, Plaintiff filed a motion seeking leave to amend her Complaint to add additional defendants. (R. Doc. 10).

On February 3, 2016, the prior magistrate judge assigned to this case granted Plaintiff's Motion to Proceed In Forma Pauperis and ordered the U.S. Marshal Service to serve the Summons and Complaint on the defendants. (R. Doc. 14).

On February 8, 2016, the Court struck from the record Plaintiff's filing on December 10, 2015 (R. Doc. 6), granted Plaintiff's motion to amend (R. Doc. 10), and vacated the prior order directing the U.S. Marshals Service to serve the defendants (R. Doc. 14). (R. Doc. 16).  The Court reminded Plaintiff of her responsibility to ensure that the defendants are timely served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and that delay in seeking assistance in those efforts may not alter the time within which service must be accomplished. Plaintiff's Amended Complaint, which added additional defendants, was filed into the record. (R. Doc. 17).

On February 29, 2016, Plaintiff again moved to amend her Complaint to add additional defendants. (R. Docs. 19).

That same day, Plaintiff also filed a motion seeking an extension of the time limit for service. (R. Doc. 18).  Through this motion, Plaintiff argues that the 90-day deadline to timely serve the defendants pursuant to Rule 4(m) commenced on February 3, 2016, when the Court

granted Plaintiff *pauper* status, and the deadline to serve falls on May 2, 2016.  Plaintiff requests up to a 60-day extension of the deadline to serve the Summons and Complaint, or until July 31, 2016.  In the alternative, Plaintiff requests the court to grant an extension of time necessary for allowing the U.S. Marshals to timely serve the Summons and Complaint.  Plaintiff also requests the Court to continue the deadlines currently set for submitting a status report and for holding a scheduling conference.

On March 3, 2016, Plaintiff again moved to amend her Complaint to add additional defendants. (R. Doc. 20)

On May 19, 2016, Plaintiff moved to amend her Complaint again to make revisions to the "facts" and "prayers for relief" sections of the pleading. (R. Doc. 21).  Plaintiff also filed a motion seeking appointment of counsel and a further extension of the service deadline to July 31, 2016. (R. Doc. 22).  Finally, Plaintiff filed into the record a "Defendant Listing Update" naming various defendants in this action, which the Court will treat as yet another motion to amend the Complaint. (R. Doc. 23).

The Court has not set a date for a scheduling conference.

**II.     Law and Analysis**

    **A.     Service of Process**

Plaintiff has not served any of the defendants as of the date of this Order.  As stated above, when Plaintiff requested the Court to postpone service of process on the defendants, the Court reminded Plaintiff of her responsibility to ensure that the defendants are timely served pursuant to Rule 4(m). (R. Doc. 16 at 2).

As of December 1, 2015, "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss

the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[1] Based on the filing of the Complaint on December 2, 2015, the 90-day window for service expired on March 1, 2016.[2]

Plaintiff has not served any of the defendants as of the date of this Order. As stated above, when Plaintiff requested the Court to postpone service of the Complaint, the Court reminded Plaintiff of her responsibility to ensure that the defendants are timely served pursuant to Rule 4(m). The deadline to serve the defendants provided by Rule 4(m) is the deadline to effectuate service, not the deadline to request service of process by the U.S. Marshals Service.

Plaintiff filed her first motion requesting an extension of the service deadline on February 29, 2016, just two days before the deadline to effectuate service. (R. Doc. 18). In that motion, Plaintiff alternatively requests service of process by the U.S. Marshals Service if no extensions to service are provided. (R. Doc. 18 at 4). Plaintiff requests an extension of the deadline to serve based on personal and professional transitions, the case load in another matter in which she is proceeding pro se, and the motions pending in this action. (R. Doc. 18 at 1-2).

Having reviewed Plaintiff's requests for further extensions regarding the service deadline, and considering Plaintiff's *pro se* status, the Court will grant Plaintiff thirty (30) days

---

[1] Local Rule 41(b)(1)(A) states that a "civil action may be dismissed by the Court for lack of prosecution . . . [w]here no service of process has been made within 120 days after filing of the complaint." Contrary to Plaintiff's assertions, Local Rule 41(b)(1)(A) does not extend the deadline for service provided by Rule 4(m) of the Federal Rules of Civil Procedure. Even if the Court were to accept Plaintiff's position (which it does not), Plaintiff's action would have become subject to dismissal on April 11, 2016.

[2] As pointed out by Plaintiff, some courts have held, however, that a complaint is not "filed" for the purpose of commencing the deadline to serve process until the plaintiff who seeks to proceed *in forma pauperis* is granted pauper status where the district court's local rules provide that payment of filing fees is required before a complaint may be "filed" into the record. *See*, *e.g.*, *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596 (7th Cir. 1989). While Local Rule 5(d) states that the "Clerk of Court shall not be required to file any paper or to render any service for which a fee is legally collectible unless the fee for the particular service is paid in advance," the Clerk's Office nevertheless stamped the Complaint as "filed" on December 2, 2015, despite the pending motion to proceed *in forma pauperis*. (R. Doc. 1). Even if the Court were to accept Plaintiff's position (which it does not), the deadline to serve the defendants would have expired on May 3, 2016.

from the date of this Order to **serve** the defendants with process.  No additional extensions will be provided if Plaintiff continues to make no effort to secure service.  Failure to serve the defendants by this deadline may result in the dismissal of Plaintiff's claims without further notice from the Court.

  **B.**  **Additional Pre-Service Amendments to the Complaint**

  Plaintiff seeks to further amend her Complaint prior to service. (R. Docs. 19, 20, 21, 23). Pursuant to Rule 15(a), the Court will allow Plaintiff's amended pleadings to be filed in the record.  The filing of these amendments into the record does not alter the deadline to serve process on the defendants as detailed above.

  **C.**  **Appointment of Counsel**

  The Court has the authority to "request" an attorney to represent Plaintiff under 28 U.S.C. § 1915(e)(1), and the extra-statutory authority to order an attorney to do so in rare circumstances. *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015).  A civil rights complainant has no right to the automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  A district court may appoint counsel "if doing so would advance the proper administration of justice," *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989), but appointment of counsel is not required "unless the case presents exceptional circumstances." *Ulmer*, 691 F.2d at 212.  In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination. *Id*. at 213.

In the instant case, the Court finds that "exceptional circumstances" requiring the appointment of counsel are not apparent at this time. The Complaint, as amended, is neither factually nor legally complex. Plaintiff has set out the factual basis for her claim in her Complaint, as amended, and this pleading and the various motions filed by Plaintiff demonstrates that she understands the proceedings and can address the issues presented. Plaintiff's filings further demonstrate that she is able to investigate the case adequately.

Additionally, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case. *Pro se* plaintiffs are given great flexibility in the examination of witnesses, and Plaintiff has adequately presented her case thus far.

Further, to the extent that the plaintiff asserts that she has a limited knowledge of the law, this is true of nearly every individual who prosecutes a *pro se* lawsuit. For this reason, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). This Court is liberal in reviewing the pleadings and motions filed by *pro se* plaintiffs, giving them ample opportunity to amend and granting generous extensions of time to comply with Court Orders.

Accordingly, in light of the Court's liberal construction of *pro se* pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with Plaintiff's apparent ability to litigate this action *pro se*, the Court finds that the appointment of counsel would be of marginal service to the Court in this case and would not significantly assist Plaintiff in litigating this action. Therefore, having considered the factors set forth in *Ulmer*, *supra*, the Court finds that the appointment of counsel is not required or warranted in this case.

**III.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Emergency Motion to Extend Time Limit for Service of Summons and Complaint (and Associated Status Report and Scheduling Conference) (R. Doc. 18) is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff shall <u>serve</u> the defendants with process within **thirty (30) days** of the date of this Order.  Failure to serve the defendants by this deadline may result in the dismissal of Plaintiff's claims without further notice from the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Update Defendant Listing (and Complaint) (R. Doc. 19) is **GRANTED**, and that document (R. Doc. 19) shall be entered into the record as Plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion to Add Defendants to Civil Action (R. Doc. 20) is **GRANTED**, and that document (R. Doc. 20) shall be entered into the record as Plaintiff's Third Amended Complaint.

**IT IS FURTHER ORDERED** Plaintiff's Emergency Motion to Amend 12/2/15 Petition (Complaint) and Include Said Document in Process of Service Issuance (R. Doc. 21) is **GRANTED,** and the Clerk's Office shall enter Plaintiff's Fourth Amended Complaint (R. Doc. 21-1) into the record.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion to Appoint Counsel and Extend Time Limit for Service of Summons and Complaint (And Associated Status Report and Scheduling Conference) (R. Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's (Motion for) Defendant Listing Update (R. Doc. 23) is **GRANTED**, and that document (R. Doc. 23) shall be entered into the record as Plaintiff's Fifth Amended Complaint.

Signed in Baton Rouge, Louisiana, on May 27, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**