# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig
_____

**PLAINTIFF(S)**

VERSUS                                         No.    15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

## 5.18.16 AMENDED PETITION

### FACTS

1. That Anne Bolner, was an employee of the Louisiana Mental Health Advocacy Service (MHAS) from November 12, 2014 to February 19, 2015.

2. That the Louisiana Mental Health Advocacy Service (MHAS) has a formally established office in Baton Rouge, Louisiana.

3. That the MHAS is an executive agency under the Office of the Governor of the State of Louisiana which is domiciled in Baton Rouge, LA.

4. That the MHAS, and/or the services it renders, and/or personnel it employs and/or sponsors either in part or in sum, fall under the helm of the Louisiana Department of Health and Hospitals (DHH) which is domiciled in Baton Rouge, LA.

5. That the Louisiana Mental Health Advocacy Services is charged with ensuring its agency has the proper due process safeguards in place that ensure its Attorneys are providing competent representation and upholding all standards and rights directly and inherently expressed in both the U.S. and Louisiana constitutions. That said standards are the foundation of those outlined in

# EMERGENCY MOTION
# *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID
DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

Page **4 of 14**

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS          No.    15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

## 5.18.16 AMENDED PETITION

### FACTS

5 (contd). Louisiana's Rules of Professional Conduct which govern Attorneys authorized to practice in the state of Louisiana.

6. That the MHAS is legally responsible for ensuring the proper training of personnel, the establishment of policies and procedures that adhere to federal and state law, policy, and code concerning hospitals and/or healthcare facilities and/or mental health institutions, and ensuring that individual and patient rights (outlined in the U.S. Constitution and law/regulation, Louisiana Constitution and law/regulation), and Our Lady of the Lake Regional Medical Center documents) are upheld and not violated (and where violation has occurred, it is properly addressed and remedied in accordance with law).

7. That the LA DHH is legally responsible for ensuring that the LA MHAS has established the operational infrastructure that accomplishes the responsibility of LA MHAS outlined in Fact #6.

8. That the LA DHH is legally responsible for ensuring that the LA MHAS ensures the proper training of personnel, the establishment of policies and procedures that adhere to federal and

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS					No.	15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

state law, policy, and code concerning hospitals and/or healthcare facilities and/or mental health

### 5.18.16 AMENDED PETITION
### FACTS

8. (Contd) institutions, and ensuring that individual and patient rights (outlined in the U.S. Constitution and law/regulation, Louisiana Constitution and law/regulation), and Our Lady of the Lake Regional Medical Center documents) are upheld and not violated (and where violation has occurred, it is properly addressed and remedied in accordance with law).

9. That both LA MHAS and LA DHH failed in their respective responsibilities outlined in Facts #5-8.

10. That the Ms. Bolner, MHAS, LA DHH, and State of LA are hereafter referred to as a collective (ABMHAS).

11. That ABMHAS operates under the tenet that no patient in a treatment facility shall be deprived of any rights, benefits, and privileges guaranteed by the law.

12. That the Mental Health Advocacy Service provides legal representation in virtually every civil commitment proceeding in Louisiana.

# EMERGENCY MOTION
# *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS          No.     15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

## 5.18.16 AMENDED PETITION

### FACTS

13. That ABMHAS provides legal representation during the initial stages of confinement of mentally ill persons, as well as after commitment has occurred, in order to comply with a federal court order and state law.

14. That ABMHAS openly acknowledges that involuntary hospitalization amounts to a deprivation of liberty, which requires compliance with due process safeguards.

15. That C.C. was involuntarily hospitalized illegally on November 12, 2014 at 6:30pm at the Our Lady of the Lake Regional Medical Center (OLOL) located in Baton Rouge, Louisiana.

16. That from November 14, 2014 to February 19, 2015, Ms. Bolner/ABMHAS failed to provide the type of representation required by Louisiana's Rules of Professional Conduct and uphold all

# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS

No. 15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

standards and rights directly and inherently expressed in both the U.S. and Louisiana constitutions.

## 5.18.16 AMENDED PETITION

### FACTS

17. That Rule 1.1(a). "Competence" of Louisiana's Rules of Professional Conduct states "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

18. That Rule 1.2 of Louisiana's Rules of Professional Conduct provides that "...a lawyer shall abide by a client's decisions concerning the objectives of representation, and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."

19. That Rule 1.3 "Diligence" of Louisiana's Rules of Professional Conduct states "A lawyer shall act with reasonable diligence and promptness in representing a client."

20. That C.C. contacted MHAS using a general, published number on November 14, 2014.

# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS          No.   15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

21. That Ms. Bolner/ABMHAS presented herself as the attorney employed by LA's MHAS responsible for OLOL patients in response to C.C.'s aforementioned call.

**5.18.16 AMENDED PETITION**

**FACTS**

22. That during both initial and subsequent discussions with Ms. Bolner,/ABMHAS, C.C. inquired about the legality of her involuntary detainment at OLOL.

23. That Ms. Bolner/ABMHAS was aware that C.C. was being illegally detained against her will at the Our Lady of the Lake Regional Medical Center (OLOL).

24. That at no point did Ms. Bolner/ABMHAS inform C.C. that as of November 12, 2014 C.C. was legally entitled to discharge.

25. That at no point did Ms. Bolner/ABMHAS take steps to have Our Lady of the Lake Regional Medical Center discharge C.C. due to C.C. being illegally detained contrary to law.

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig
_____

**PLAINTIFF(S)**

VERSUS                                                              No.   15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

26. That at no point did Ms. Bolner/ABMHAS seek a court order to have C.C. discharged immediately from the Our Lady of the Lake Regional Medical Center due to C.C. being illegally detained contrary to law.

**5.18.16 AMENDED PETITION**

**FACTS**

27. That Ms. Bolner/ABMHAS conspired with Our Lady of the Lake Regional Medical Center representatives and other individuals to keep C.C. illegally detained against her will at the OLOL facility in Baton Rouge, LA.

28. That C.C. was unlawfully detained against her will (falsely imprisoned) from November 12, 2014 to December 5, 2014 as a result of Ms. Bolner's/ABMHAS' negligence and failure to provide "competent" representation. That said actions (and lack thereof) violated C.C.'s federal and state constitutional rights, resulted in other constitutional violations and lost wages, and damaged C.C. by ultimately subjecting C.C. to collateral consequences and social stigma— all of which have unduly burdened C.C. and caused her irrecoverable harm.

# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

Page 10 of 14

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS            No.    15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

29. That all judgments and orders issued subsequent to November 12, 2014 regarding C.C. were unconstitutional and void on their face. That said judgments and orders, which resulted from C.C.'s illegal confinement due to Ms. Bolner's/ABMHAS' negligence and failure to provide competent representation, have damaged C.C. irrecoverably and are the epitome of justice miscarried.

### 5.18.16 AMENDED PETITION
### FACTS

30. That C.C. relied in good faith on the counsel provided by Ms. Bolner/ABMHAS.

31. That Ms. Bolner/ABMHAS was well aware that, while unlawfully detained against her will at OLOL, C.C. collected the collateral information she had been informed was needed in order to obtain her [C.C.'s] discharge. That Ms. Bolner/ABMHAS was aware of both the content and said nature of C.C.'s collected materials.

32. That Ms. Bolner's/ABMHAS' failure to know and/or properly apply law (failure to provide effective counsel) and inadherence to LA's Rules of Professional Conduct in matters involving her representation of C.C. from November 14, 2014 to February 19, 2015 were deficient, prejudiced C.C.'s civil proceeding, resulted in C.C. being unlawfully detained against her will

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                               No.    15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

(falsely imprisoned) for 22 days at OLOL, and violated C.C. guaranteed right to effective counsel under the Fifth, Sixth and Fourteenth Amendments to the United States (U.S.) Constitution and Article I, Sections 2 and 13 of the Louisiana Constitution. That said actions (or lack thereof) by Ms. Bolner's/ABMHAS' also resulted in a host of federal and state constitutional violations C.C. was forced to endure.

## 5.18.16 AMENDED PETITION
## FACTS

33. That Dr. Melissa Watson knowingly perjured herself during the testimony she rendered on December 2, 2014 in order to have C.C. civilly committed.

34. That Ms. Bolner/ABMHAS intentionally did not object to or alert the court to Dr. Watson's perjury.

35. That the "incompetent," negligent, and deficient actions of ABMHAS and the "incompetent," negligent, and deficient individual actions of Ms. Bolner all either directly violated C.C.'s federal and state protected constitutional rights or resulted in said violations occurring. That said inexcusable actions are also a violation of the Louisiana Rules of Professional Conduct.

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                              No.   15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

That these egregious actions have unquestionably damaged C.C and caused C.C. irrecoverable harm.

5.18.16 AMENDED PETITION

PRAYERS FOR RELIEF

(1) Trial by Jury

(2) Appoint of Counsel

(3) Attorneys Fees

(4) All costs charged to Anne Bolner, ABMHAS (collective), Dr. Melissa Watson, and OLOL (collective) defined in facts

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                              No.    15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

**5.18.16 AMENDED PETITION
PRAYERS FOR RELIEF**

(5) Federal investigation into the practices and formal procedures that govern MHAS attorney's intake and processing of new clients who are involuntarily hospitalized so that adequate due process safeguards are established and implemented

(6) Federal review of all current and prior involuntarily hospitalized and committed patients (client) files for Anne Bolner during tenure with MHAS and Dr. Melissa Watson (during tenure with Our Lady of the Lake Regional Medical Center), with expedited file processing for those currently committed or involuntarily hospitalized.

(7) Permanent suspension of Ms. Bolner's law license

(8) Permanent suspension of Dr. Watson's medical license

# EMERGENCY MOTION
# *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID
DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

Page **14** of **14**

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                                                 No.   15-815-SDD-SCR

Anne Bolner, Louisiana Mental Health Advocacy Services, LA Department of Health and Hospitals (DHH), State of LA, and other Defendants

**DEFENDANT(S)**

*PRAYERS FOR RELIEF (Continued)*

(9) Dismissal of the civil commitment rendered December 2, 2014 and reversal of all collateral consequences associated with said ruling (i.e., federal and state reporting, restoration of constitutional rights at no cost to C.C.)

(10) Expungement and Permanent Seal of all civil commitment records related to the December 2, 2014 judicial commitment proceedings

(11) Damages awarded from ABMHAS (as the "collective" defined in the "Claims/Facts" filed by the plaintiff—Anne Bolner, MHAS, LA DHH, and the State of LA), Dr. Melissa Watson, and from OLOL (as the collective" defined in the "Claim/Facts) that, at minimum equal, $550,000,000