UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CANDICE CRAIG | CIVIL ACTION |
| VERSUS | |
| ANNE BOLNER, ET AL. | NO.: 15-00815-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 41)** filed by Anne Bolner, Kevin Robshaw, Kathy Kliebert, State of Louisiana, Office of the Governor through Mental Health Advocacy Services ("MHAS"), and Department of Health and Hospitals. Plaintiff failed to file memoranda in opposition. Also before the Court are numerous **Motions For Extension of the Time to File an Appeal of the Court's Denial of Appointment of Counsel (Docs. 47, 50, 53-57, 59-61)** and numerous **Motions to Seal (Docs. 48, 50-62)**. For the following reasons, the **Motion to Dismiss (Doc. 41) is GRANTED,** and the **Motions for Extension of Time to Appeal (Docs. 47, 50, 53-57, 59-61)** and the **Motions to Seal (Docs. 48, 50-62)** are DENIED.[1]

I. BACKGROUND

During the period between November 12 and December 5, 2014, Plaintiff alleges that she was involuntarily hospitalized at Our Lady of the Lake Regional

---

[1] To the extent Plaintiff seeks other relief, those motions are denied. Furthermore, Plaintiff's Motions to Seal and Motions for Extension of Time to Appeal are denied for reasons offered in the Court's Ruling involving nearly identical claims, *Craig v. Our Lady of the Lake, et al*, No. 15-00814-BAJ-RLB, Doc. 68.

1

Medical Center ("OLOL") in Baton Rouge, Louisiana, in violation of multiple state and federal constitutional provisions and various state and federal statutes. (Doc. 27 at ¶ 28-32). Plaintiff has filed suit against nineteen Defendants, seeking $555,000,000 in damages and several distinct forms of injunctive relief. (Docs. 1, 17, 25-28).

## II. LEGAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims of immunity also may be raised in a Rule 12(b)(6) motion to dismiss. *See Brown v. Miller*, 519 F.3d 231 (5th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Although a "pro se complaint is to be construed liberally with all well-pleaded allegations taken as true," a pro se plaintiff nevertheless must plead sufficient factual matter that supports her claim to relief in order to survive a Rule 12(b)(6) motion to

2

dismiss. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Id.*

Under Rule 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the [C]ourt lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

## II. DISCUSSION

The State of Louisiana, Office of the Governor through the Louisiana Mental Health Advocacy Services, and the Department of Health and Hospitals argue that the claims against them are barred by sovereign immunity. (Doc. 41-1 at p. 3). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity, and Louisiana has refused any such waiver. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Moreover, Louisiana has not waived sovereign immunity for suits under 42 U.S.C. § 1983. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Therefore, all claims against the State of Louisiana, Office of the Governor through the Louisiana Mental Health Advocacy Services, and the Department of Health and Hospitals are dismissed.

Ms. Bolner, Mr. Robshaw and Ms. Kliebert also move to dismiss the claims brought against them in their official capacities. (Doc. 41-1 at p. 3). Under § 1983,

liability for a government official sued in his or her official capacity requires proof of: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom." *Quinn v. Guerrero*, 863 F.3d 353, 364 (5th Cir. 2017) (internal citation omitted). Here, Plaintiff failed to adequately allege that there was any official policy or custom that was a moving force behind a constitutional violation. Further, she has not alleged that Ms. Bolner, Mr. Robshaw, or Ms. Kliebert are policymakers. Therefore Plaintiffs official capacity claims against them are dismissed.

Mr. Robshaw and Ms. Kliebert seek to dismiss the individual capacity claims against them because there are no specific factual allegations made against them. (Doc. 41-1 at p. 4-5). Plaintiffs suing governmental officials in their individual capacities, must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Plaintiffs "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. Vicarious liability is inapplicable to § 1983 actions. *Id.* In other words, an official must be personally involved in a constitutional violation to state a claim for relief. Here, Plaintiff has not alleged that Mr. Robshaw and Ms. Kliebert were personally involved in her alleged involuntary commitment. Plaintiff merely states that Mr. Robshaw is the "Director for the Louisiana Mental Health Advocacy Service." (Doc. 25 at p. 1). Plaintiff also merely notes that Ms. Kliebert is the "Secretary (head) of DHH. The

4

Louisiana Mental Health Advocacy Service (MHAS) falls under the helm of DHH." *Id.* Because Plaintiff makes no specific allegations about Mr. Robshaw and Ms. Kleibert other than indicating their positions, the individual capacity claims against them are dismissed.

Ms. Bolner also seeks to dismiss all the claims brought against her. (Doc. Plaintiff alleges that Ms. Bolner is liable for false imprisonment, negligence, and other constitutional violations. (Doc. 27 at p. 7). Specifically, Plaintiff alleges that Ms. Bolner "failed to provide the type of representation required by Louisiana's Rules of Professional Conduct," *Id.* at ¶ 16, "illegally detained [her] against her will," *Id.* at ¶ 28, and that her "failure to know and/or properly apply law . . . resulted in [Plaintiff] being unlawfully detained[.]" *Id.* at ¶ 32. Even construing Plaintiff's claims liberally, these allegations are nothing more than conclusory allegations, which do not state a claim for relief. The claims against Ms. Bolner are dismissed.

Finally, to the extent that Plaintiff seeks to bring state law claims against Ms. Bolner, Mr. Robshaw, and Ms. Kliebert, the court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 41)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims against Anne Bolner, Kevin Robshaw, Kathy Kliebert, State of Louisiana, Office of the Governor through Mental

Health Advocacy Services, and Department of Health and Hospitals are DISMISSED.

IT IS FURTHER ORDERED that the **Expedited/Emergency Motion to Suspend Proceedings (Doc. 43)** is DENIED.

IT IS FURTHER ORDERED that the **Emergency Motion for Extension of Time to file an appeal (Doc. 45)** is DENIED.

IT IS FURTHER ORDERED that the **Motion for Leave of Court to Seal Documents (Doc. 46)** is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion to Seal Records and Close All Proceedings (Doc. 48)** is DENIED.

IT IS FURTHER ORDERED that the **Sealed Supplement to Motion (Doc. 50)** is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion to Supplement (Doc. 51)** is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion for Leave to Seal Two January Filings and Associated Prior Filings (Doc. 52)** is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion in Support of Appeal and Appointment of Counsel (Doc. 53)** is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion to Seal the 3/6/2017 53 Motion in Support of Appeal & Appointment of Counsel (Doc. 54)** is DENIED.

IT IS FURTHER ORDERED that the Sealed Motion Filed with a Request to Seal its Contents; Request for Appeal Request Ruling; Appointment of Counsel, and Scheduling of Hearing to Address Defendant Motions (Doc. 56) is DENIED.

IT IS FURTHER ORDERED that the Sealed Motion to Seal the 03/10/2017 Motion Entitled "Supplement to 1/5/2017 and 10/20/2016 and Motions for Seal of Record" is DENIED.

IT IS FURTHER ORDERED that the Sealed Motion to Seal its Contents (Doc. 57) is DENIED.

IT IS FURTHER ORDERED that the Sealed Motion to Seal its Contents (Doc. 58) is DENIED.

IT IS FURTHER ORDERED that the Sealed Motion Filed with a Request to Seal its Contents (Doc. 59) is DENIED.

IT IS FURTHER ORDERED that the Sealed Motion Filed with a Request to Seal its Contents (Doc. 60) is DENIED.

IT IS FURTHER ORDERED that the Sealed Motion Filed with a Request to Seal its Contents (Doc. 61) is DENIED.

Baton Rouge, Louisiana, this 22nd day of September, 2017.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA